## Deering *vs.* Sawtel.

The rule that a party to a negotiable promissory note is not admissible as a witness to impeach it, applies not only to actions directly upon the note, but to all others where its validity comes collaterally in question.

In this case, which was a writ of entry, brought upon a mortgage deed by the assignee of the mortgagee, against the grantee the mortgagor; the tenant pleaded that the note, to secure which the mortgage was given, was usurious ; and this being traversed, issue was joined thereon. At the trial, before *Preble J.* the tenant, having executed a release to the mortgagor, who was the maker of the note, offered him as a witness to prove the usury. He was objected to by the plaintiff's counsel, on the ground that this being a negotiable note, no party to it could be admitted a witness to impeach its original validity. But the Judge overruled the objection ; and the witness fully proving the usury, the tenant had a verdict, which was taken subject to the opinion of the court.

*Fessenden* and *Deblois* for the demandant, cited the following authorities in support of the general objection made at the trial. *Walton v. Shelly* 1 *D. & E.* 296. *Adams v. Lingard Peake's Ca.* 117. *Hart v. McIntosh* 1 *Esp.* 298. *Bent v. Baker* 3 *D. & E.* 34. *Buckland v. Tankard* 5 *D. & E.* 578. *Carrington v. Mil-*

ner *Peake's Ca.* 6. *Humphrey v. Moxon ib.* 52. *Phetheon v. Whitmore ib.* 40. 1 *Phil. Ev.* 49, 50. *Warren v. Merry* 3 *Mass.* 27. *Parker v. Lovejoy ib.* 565. *Churchill v. Suter* 4 *Mass.* 156. *Widgery v. Munroe* 6 *Mass.* 449. *Jones v. Coolidge* 7 *Mass.* 199. *Manning v. Wheatland* 10 *Mass.* 502. *Worcester v. Eaton* 11 *Mass.* 368. *Clarke v. Waite ib.* 439. *Butler v. Damon* 15 *Mass.* 223. *Hartford Bank v. Barry* 17 *Mass.* 96. *Packard v. Richardson ib.* 126. *Winton v. Saidler* 3 *Johns. Ca.* 185. *Mann v. Swan* 14 *Johns.* 270. *Coleman v. Wise* 2 *Johns.* 165.

2. They contended that the rule was applicable to the case at bar ; because the note and mortgage formed but one contract, the debt being the principal subject, and the security only an incident, and partaking of the character of the principal, which was a negotiable paper. *Green v. Hart* 1 *Johns.* 580. *Runyan v. Mersereau* 11 *Johns.* 534.

3. The tenant's purchase, though in terms a bargain and sale of the whole estate, amounted to nothing more than an equity of redemption ; and the holder of such an estate *is not* permitted to avoid the mortgage on the ground of usury. *Green v. Kemp* 13 *Mass.* 515. *Bearce v Barstow* 9 *Mass.* 48. *Bull. N. P.* 224.

*Greenleaf* and *Hill* for the tenant, contended for the admissibility of the mortgagor to prove the usury, under the general rule that all persons, not affected by interest or crime, are competent witnesses. The only exception to this rule was established to exclude the party to a negotiable security from testifying that it was originally void ; and this on the ground of public policy ; as in *Churchill v. Suter.* Its application to the case of the grantor, in a real action in which the validity of a pretended title under him was the only point to be tried, was expressly rejected in *Loker v. Haynes* 11 *Mass.* 498 ; and such is the case at bar. If the grantor was admissible in that case, in order to defeat an absolute conveyance made by himself, *a fortiori* in this, to shew usury in a conveyance upon condition. Nor does the present case fall within the principle of *Churchill v. Suter,* because the mortgage does not belong to the class of negotiable securities. It is a distinct and independent transaction, the fate of which does

in no wise affect the note ; and it is governed by the same general principles which apply to the pledge of goods. It is the note alone which is known among merchants, and the preservation of mercantile confidence in this instrument, and not in any other, is the sole ground of the exception.

To shew that this defence was open to the tenant, he having purchased the whole estate, they cited *Green v. Kemp* 13 *Mass.* 515. *Hills v. Elliot* 12 *Mass.* 26.

The opinion of the court was read by the Chief Justice at the following *November* term, as drawn up by

WESTON J. That a party to a negotiable instrument shall not be received as a witness to prove the same to have been originally usurious and void, in an action brought upon such instrument, is a rule which has for a long time been so uniformly adhered to and practised upon, in this State and in Massachusetts, that we cannot suppose it to have been the intention of the counsel for the defendant to call it in question, in the case before us. The point now raised is founded on the assumption, that the rule is applicable only where the action is brought upon the negotiable instrument itself. But we do not find upon examination, that the rule can be considered as thus qualified. In all the cases cited to this point, from the Massachusetts reports, the proposition appears to be laid down in general and unqualified terms, that the party to a negotiable instrument, is not a competent witness to prove it to have been originally void. These were, it is true, actions brought upon the instruments themselves ; and the rule will generally be applied in practice to cases of this class. The decisions in Massachusetts are deduced from the case of *Walton & al.* assignees of *Sutton v. Shelley,* 1 *D.* & *E.* 296, which is not distinguishable in principle from the one under consideration.

It was an action upon a bond, given by the defendant to *Sutton*; to which there was a plea of usury. It was proved that the bond was given in consideration of delivering up two promissory notes, made by Mrs. *Perry* to *Birch* or order, the one indorsed by *Birch* and *Sedley*, the other by *Birch Corbin* and *Sedley* to *Sutton*. *Sed-*

*ley* was called to prove the consideration of the notes usurious, and rejected. The action was not on the notes, but it was the notes which the defendant attempted to prove usurious. Here the maker of the note, collaterally secured by the mortgage now in suit, was offered to prove that it was given on an usurious consideration. In both cases, the question whether the deeds were or were not tainted with usury, depended upon the consideration of the notes. From the cases cited from the Massachusetts reports, it appears that the case of *Walton v. Shelley* was adopted with approbation here ; and, notwithstanding the vacillation of the English courts, in regard to the rule, it has been adhered to in Massachusetts and in this State, with this qualification, that it is negotiable instruments only, which a party to them shall not be permitted to prove originally void. But if the rule had been thus limited in *Walton v. Shelley*, the result would have been the same. *Sedley*, the witness rejected, was no party to the deed in suit, but to the negotiable notes, the giving up of which was the consideration of the deed. This question was examined and illustrated by the late C. J. *Parsons*, in delivering the opinion of the court in *Churchill v. Suter*, cited in the argument ; and the subsequent cases refer to this, as settling the law upon the subject. All the reasons of public policy, which are there so lucidly exhibited as the foundation of the rule, apply with equal force to the case before us.

The mortgage deed is incident and collateral to the note, which, as the principal, is chiefly to be regarded. When that is paid, the incident has no longer any binding efficacy. It is for the purpose of enforcing payment of the note, or of holding the land as a substitute, which will be payment, if of sufficient value, that the present action is brought.

It was urged that the direct object of the defendant, in calling the witness, was, not to prove the note void, but the deed void and usurious, to which the rule does not apply. This distinction seems too refined for practical application, if we regard the spirit of the rule ; and was not even suggested in the case of *Walton v. Shelley*. Besides, in the case before us, the plea alleges the note to have been usurious and void, to secure which the mort-

gage deed was given; and it was upon a traverse of this averment, that issue was joined. Whether the note was or was not infected with usury, was therefore the question directly before the jury.

In the case of *Loker v. Haynes,* cited and relied upon by the counsel for the defendant, the grantors in certain deeds of conveyance were held to be admissible witnesses to prove the same to have been fraudulent and void. But it does not appear that they had any connexion whatever with any negotiable instruments; and it is only where questions arise in relation to these, that the rule is here understood to apply.

The opinion of a majority of the court is, that the witness ought not to have been admitted to prove the facts, for which he was called. The verdict is therefore set aside, and a

